Reabe, J.
 

 If A hire a slave to B for a year, B during the year is the owner of the slave. And if the slave die during the year, A loses his general property and B loses his special property, i. e., A loses the slave and B loses the hire. The emancipation of slaves during the year was their artificial death as slaves, and operated as would their natural death; therefore the defendant is liable for the hire during the whole of the year.
 

 The bond upon its face is for $200. But it is stated in the caso agreed that it rvas proclaimed at the hiring, as the terms thereof, that such money would be taken as would pay the debts of the estate; and special reference was made to a debt due the bank, which could be paid in its own notes, and that they were worth twenty-five cents in the dollar. If,, therefore, we can look behind the bond to see what the contract was, it would seem that justice would be arrived at by a judgment for one-fourth of the amount of the bond.
 

 The question- then is, can we look for the agreement of the parties outside of the bond ? If an agreement is reduced to writing, then the writing is the best evidence; and upon general principles it cannot be varied by parol evidence. But it does not appear that the agreement in this case was reduced to writing. Indeed, it appears affirmatively that it was not. It is stated in the case agreed that it was proclaimed at the hiring that such money would be taken as would pay the debts of the estate, yet that is not stated in the bond. And the bond does not profess to set forth the agreement, but recites the fact that the hiring had taken place before the bond was given; so that it ap
 
 *203
 
 pears, both by the case agreed and by the bond itself, that the agreement of the parties was before and outside of the bond, and that the bond was not intended to embrace all the terms of the contract, although it did embrace some, and was intended to secure the price. The case of
 
 Daughtry
 
 v. Boothe., 4 Jon., 87, was very much like this. In that case the defendant hired of the plaintiff a slave, with a stipulation that the slave should not be carried out of the county/ and, as in this case, a bond was given for the price, but did not recite this stipulation. It was held that the stipulation might be proved by parol. The cases of
 
 Twidy
 
 v.
 
 Sanderson,
 
 9 Ire , 5, and
 
 Manning
 
 v.
 
 Jones,
 
 Bus., 368, are to the same point, and settle the question.
 

 But allowing it to be true that when the whole contract is not set forth in the bond, and is not professed to be set forth, such portions as are outside may be proved by parol, yet it is insisted that so much of the contract as is set forth cannot be contradicted by parol, and that here it is set forth that the price of the hiring is $200, and that
 
 dollars
 
 mean
 
 coin.
 
 Upon general principles those propositions are true; but the ordinance of the Convention of October, 1865, entitled “An ordinance declaring what laws are in force, and for other purposes,” sec. 3, provides that in all executory contracts solvable in money, whether under seal or not * * * it shall be competent for either party to show, by parol or other relevant testimony, what the understanding was in regard to the 'kind of currency in which the same are solvable; and in such case the true understanding shall regulate the value of the contract.” That ordinance in terms embraces this case.
 

 But then it is objected that the ordinance is void, as impairing the obligation of contracts. If it has that effect it is void, because the Constitution of the United States forbids a State, either in Convention or by the Legislature, to pass a law impairing the obligation of contracts.
 

 
 *204
 
 But it is not seen by us how an ordinance which, facilitates the means of ascertaining what a contract is, and then enforces it, impairs its obligation. It. is ¿u'eeisely the reverse.
 

 We collect from the whole case that the contract was that for the hire of the slaves for the year 1865, the defendant should pay the nominal sum of $200, in such money .as would pay debts, and that the true value of the contract was one-fourth of the sum, to wit, $50 in coin.
 

 Judgment was entered for that sum, with interest from the 1st of January, 1866, in the court below, and we see no error.
 

 Per Curiam. Judgment affirmed.